UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT B.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | Case No.:  3:26-cv-03753-AHG<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 2]** |

On June 26, 2026, Plaintiff Brett B. ("Plaintiff") brought this action against the Commissioner of Social Security, seeking judicial review of the Commissioner's final administrative decision denying his application for Social Security Disability Insurance and Supplemental Security Income for lack of disability. ECF No. 1. Along with his Complaint, Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. ECF No. 2.

## I.    LEGAL STANDARD

A motion to proceed IFP presents two issues for the Court's consideration. First, the Court must determine whether an applicant properly shows an inability to pay the $405[1] civil filing fee required by this Court. *See* 28 U.S.C. §§ 1914(a), 1915(a). To that end, an applicant must also provide the Court with a signed affidavit "that includes a statement of all assets[,] which shows inability to pay initial fees or give security." CivLR 3.2(a). Second, § 1915(e)(2)(B)(ii) requires the Court to evaluate whether an applicant's complaint sufficiently states a claim upon which relief may be granted. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

## II.    DISCUSSION

### A.    Motion to Proceed IFP

An applicant need not be completely destitute to proceed IFP, but he must adequately prove his indigence. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). An adequate affidavit should "allege[] that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins*, 335 U.S. at 339); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (an adequate affidavit should state supporting facts "with some particularity, definiteness and certainty"). No exact formula is "set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo*, 787 F.3d at 1235. Consequently, courts must evaluate IFP requests on a case-

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); UNITED STATES COURTS, DISTRICT COURT MISCELLANEOUS FEE SCHEDULE § 14 (effective Dec. 1, 2023), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id*.

2

3:26-cv-03753-AHG

by-case basis. *See id*. at 1235–36 (declining to implement a general benchmark of "twenty percent of monthly household income"); *see also Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (requiring that district courts evaluate indigency based upon available facts and by exercise of their "sound discretion"), *rev'd on other grounds*, 506 U.S. 194 (1993); *Venable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974).

Here, Plaintiff states in his affidavit that he has $804.44 in a checking account, has no valuable assets other than a vehicle, and has no other source of income. ECF No. 2 at 1–2. Though Plaintiff does not pay for rent, utilities, or groceries, he pays $18.00 per month for his phone bill and has $40,000.00 in student loans due. *Id.* at 2. Though Plaintiff's application lacks some detail, it is still clear to the Court that Plaintiff's expenses are greater than his income. Considering the information in the affidavit, the Court finds that Plaintiff has sufficiently shown an inability to pay the $405 filing fee under § 1915(a).

**B.     Screening under 28 U.S.C. 1915(e)**

As discussed above, every complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915 is subject to a mandatory screening by the Court under Section 1915(e)(2)(B). *Lopez*, 203 F.3d at 1127. Under that subprovision, the Court must dismiss complaints that are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Social Security appeals are not exempt from this screening requirement. *See Hoagland v. Astrue*, No. 1:12-cv-00973-SMS, 2012 WL 2521753, at *1 (E.D. Cal. June 28, 2012) ("Screening is required even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits [under 42 U.S.C. 405(g)]."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (affirming that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez*, 203 F.3d at 1129.

Rule 2 of the Federal Rules of Civil Procedure's Supplemental Rules of Social Security Actions sets forth the requirements for a complaint in an action appealing the decision of the Commissioner. FED. R. CIV. P., SUPPLEMENTAL R. 2 OF SOC. SEC. ACTIONS

3:26-cv-03753-AHG

UNDER 42 U.S.C. § 405(G) (effective Dec. 1, 2022) (The complaint must "(A) state that the action is brought under § 405(g); (B) identify the final decision to be reviewed, including any identifying designation provided by the Commissioner with the final decision; (C) state the name and the county of residence of the person for whom benefits are claimed; (D) name the person on whose wage record benefits are claimed; and (E) state the type of benefits claimed." The complaint may "include a short and plain statement of the grounds for relief."). In the IFP screening context, however, "[t]he plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the ALJ's determination and must make a showing that he is entitled to relief, 'in sufficient detail such that the Court can understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e).'" *Jaime B. v. Saul*, No. 19cv2431-JLB, 2020 WL 1169671, at *2 (S.D. Cal. Mar. 10, 2020) (quoting *Graves v. Colvin*, No. 15cv106-RFB-NJK, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015)). "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2.

Having reviewed Plaintiff's Complaint, the Court finds Plaintiff has sufficiently stated a claim upon which relief may be granted. Specifically, in his complaint, Plaintiff (1) states that he brings this action pursuant to 42 U.S.C. § 405(g); (2) identifies the final decision of the Commissioner to be reviewed as the Appeals Council's April 28, 2026, final decision letter affirming the Administrative Law Judge's ("ALJ") unfavorable decision, (3) provides his name and states that he resides in San Diego County; and (4) states the type of benefits claimed, namely, Social Security Disability Insurance and Supplemental Security Income benefits. ECF No. 1. Although it is optional to do so under Rule 2, Plaintiff further explains his grounds for relief from the Commissioner's decision, including that: (1) the ALJ cherry-picked the record, (2) the ALJ "did not properly analyze Plaintiff's subjective symptoms, including pain, under the Ninth Circuit's two-step

framework" and therefore erred at step one and step two; (3) the ALJ "improperly relied on activities of daily living to discredit the Plaintiff without using the proper standard;" (4) the ALJ "did not properly analyze the non-expert witness statement submitted in the case;" and (5) the ALJ "relied on improper Vocational Expert testimony." *Id*. at 3–4. Upon due consideration, the Court finds that Plaintiff's complaint survives screening under 28 U.S.C. § 1915(e)(2)(B).

## III.    CONCLUSION

Based on the foregoing considerations, the Court **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis*, without prepayment of fees or costs. ECF No. 2.

Typically, after granting IFP status, the Court would direct the Clerk's Office to prepare and issue summons for the named Defendant, and direct the Plaintiff to complete Form 285. Then, the United States Marshal Service would serve a copy of the complaint and summons on Defendant. However, in accordance with Rule 3 of the Federal Rules of Civil Procedure's Supplemental Rules of Social Security Actions, and this district's General Order 747, a notice of electronic filing shall be transmitted to the Social Security Administration's Office of General Counsel and to the United States Attorney's Southern District of California office in lieu of service of a summons. *See* Fed. R. Civ. P., Supplemental R. 3 of Soc. Sec. Actions under 42 U.S.C. § 405(g) (effective Dec. 1, 2022) ("The court must notify the Commissioner of the commencement of the action by transmitting a Notice of Electronic Filing to the appropriate office within the Social Security Administration's Office of General Counsel and to the United States Attorney for the district where the action is filed. … The plaintiff need not serve a summons and complaint under Civil Rule 4."); General Order No. 747 (S.D. Cal. Dec. 15, 2022) (explaining that, in social security cases, the administrative record is due in lieu of an answer "60[] days after service of the Notice of Electronic Filing of the complaint," emphasizing that the service of summons is no longer a requirement). Here, no further action is needed, as the Clerk's Office already transmitted the notice of electronic filing to Defendant in the instant case. *See* ECF No. 3, NEF ("The Notice of Electronic Filing of

the complaint sent by the court to the Commissioner suffices for service of the complaint. The Plaintiff need not serve a summons and complaint under Civil Rule 4.”).

**IT IS SO ORDERED.**

Dated:  June 27, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge